UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL SHEA, LOCAL 589, AMALGAMATED }
    TRANSIT UNION, et al., }
}
}
                   Plaintiffs, }
}
        v. }   Civil Action No. 1:16-CV-12488-ADB
}
}
MASSACHUSETTS BAY TRANSPORTATION }
    AUTHORITY, }
}
                 Defendant. }

FINAL APPROVAL ORDER

       Upon consideration of the Cross Motions, affidavits and arguments of the parties, the Court now rules as follows:

1.     JURISDICTION

    Jurisdiction to resolve this matter arises from the Fair Labor Standards Act, 29 U.S.C. Sections 216 (b) and 252(d). Jurisdiction and venue are undisputed.

2.     CROSS MOTIONS FOR CLARIFICATION

    For the reasons stated in the separate Memorandum and Order on the cross-motions for clarification, Docket No. 46, Settlement Funds which are unclaimed because putative class members failed to respond to letters requesting that they opt-in or opt-out shall revert to the MBTA under paragraph 42 of the Settlement Agreement. Those individuals remain bound by the release set forth in the Settlement Agreement. Any deposited funds that remain as a result of uncashed settlement checks, after the procedures specified in the Settlement Agreement, shall also revert to the MBTA.

3.     CLASS ACTION - FINAL APPROVAL

    The class of plaintiffs includes all individuals employed by the MBTA as Bus, Streetcar and Trackless Trolley Operators since December 6, 2013. Note that all related cases have

been consolidated for purposes of settlement so as to encompass Operators from all MBTA facilities. The Court certifies this action as a Class Action under Federal Rules of Civil Procedure Rule 23 for purposes of this settlement. The class members are numerous, share common claims which outweigh the differences between them for settlement purposes. I further certify that the named representatives have claims and interests typical of the other members of the class and bear all other qualifications necessary to assure a fair and reasonable outcome of the action.

4. TERMS OF SETTLEMENT - FINAL APPROVAL

The terms of settlement were concluded through careful, arms-length negotiations conducted by competent counsel with a thorough knowledge of the law as well as these parties, MBTA employee compensation and operation. The terms of settlement reached are fair, reasonable and adequate in light of the underlying claims, MBTA defenses (including potential off-sets to damage claims and defenses to class certification) and I find that it is in the interest of the class to settle the matter.

5. ADMINISTRATION OF THE SETTLEMENT AGREEMENT

After thorough examination of MBTA records including those produced in discovery, the settlement administrator has notified some 2,611 employees and former employees that settlement funds had been divided among them and notified them of their right to object in writing and to appear in court on January 10, 2019 to object. 1,904 returned forms accepting the settlement division. Seven clearly indicated a determination to reject or "opt out" of the settlement, but no objections were filed in court and no class members or putative class members appeared in court on January 10, 2019. Based on the Administrator's Report and a subsequent agreement among the parties to pay late-filed claims, the settlement payments will be comprised of $30,159 in administrative costs, $233,913 in attorneys' fees and expenses and $2,442.718.82 in individual claims. I find the administrative and attorneys' fees to be reasonable and fair in light of the scope of this proceeding, the complexity of the dispute and the expertise brought to bear by counsel and administrators alike.

6. DISMISSAL OF PENDING LAWSUITS

On the basis of the settlement, payments are ordered in accordance with the Settlement Agreement and this Order. All Complaints, claims and counter-claims are dismissed with prejudice, including case numbers 1:16-cv-12488-ADB, 1:16-cv-12483-ADB, 1:16-cv-12484-ADB, 1:16-cv-12485-ADB, 1:16-cv-12486-ADB, 1:16-cv-12489-ADB, and 1:17-cv-11620-ADB. Notwithstanding my determination to retain jurisdiction over any administrative disputes which may arise during the distribution phase of the settlement, this is a final and appealable order, and constitutes the Final Approval Order contemplated by the Settlement Agreement.

7.  ADMINISTRATIVE DISPUTES

I retain jurisdiction to resolve any general or specific disputes which may arise during the final settlement phase, namely distribution of the settlement fund. Either party may bring such a dispute to my attention by motion, though none are anticipated and for all other purposes this matter is closed.

Date: January 24, 2019                              /s/ *Allison D. Burroughs*
                                                    U.S. District Court Judge

                              *   *   *

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

*/s/Mark W. Batten*
Mark W. Batten (BBO No. 566211)
Rebecca J. Sivitz (BBO No. 684347)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899
mbatten@proskauer.com
rsivitz@proskauer.com

LOCAL 589, ATU
DANIEL SHEA
ROY GREEN
VICTORIA PERRY
GREGORY WILLIAMS
JOHN MOONEYHAN
TYRONE WASHINGTON
STACI ATKINS GAMBLE

*/s/Douglas Taylor (via email permission)*
Douglas Taylor, BBO No. 562777
Gromfine, Taylor & Tyler

1420 King Street, Suite 500
Alexandria, VA 22314
(703) 683-7782
dtaylor@lbgt.com